IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DENNIS DUANE DESHAW and SUSAN ) Civ. No. 15-00118 ACK-BMK
KAY BROER-DESHAW,                )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )
                                 )
BANK OF AMERICA, N.A.; THE BANK  )
OF NEW YORK MELLON f.k.a. the    )
Bank of New York; MORTGAGE       )
ELECTRONIC REGISTRATION SYSTEMS, )
INC.; FIRST MAGNUS FINANCIAL     )
CORPORATION; BAYVIEW LOAN        )
SERVICING, L.L.C.; CITIBANK,     )
N.A.; John Does 1-10; Jane Does  )
1-10; Doe Corporations 1-10; Doe )
Partnerships 1-10; Doe Entities  )
1-10; and Doe Governmental Units )
1-10,                            )
                                 )
          Defendants.            )
_____)

## ORDER GRANTING DISMISSAL OF PLAINTIFFS' COMPLAINT

For the following reasons, the Court hereby DENIES AS
MOOT Defendants Mortgage Electronic Registration Systems, Inc.,
Bayview Loan Servicing, LLC, The Bank Of New York Mellon, and
Bank of America, N.A.'s Motion to Dismiss. (Doc. No. 11.) The
Court also DENIES Defendants Mortgage Electronic Registration
Systems, Inc., Bayview Loan Servicing, LLC, The Bank Of New York
Mellon, and Bank of America, N.A.'s Motion to Strike Plaintiffs'
response to Defendant Citibank's Motion to Dismiss and for
Certification of Judgment Against Plaintiff's Complaint Under

Rule 54(b), (Doc. No. 21,) and Defendant Citibank's Motion for Joinder as to that motion. (Doc. No. 24.)

The Court GRANTS Defendant Citibank's substantive joinder to Defendants' Motion to Dismiss and DISMISSES Plaintiffs' Complaint in its entirety. (Doc. No. 14.)

## FACTUAL BACKGROUND

This case arises out of a dispute over two promissory notes and two mortgages executed by Plaintiffs Dennis Duane DeShaw and Susan Kay Broer-DeShaw. Plaintiffs have filed a Complaint seeking damages and to quiet title on the grounds that Defendants Bank of America, N.A. ("BOA"), Bank of New York Mellon, f.k.a. the Bank of New York[1/] ("BONY"), Mortgage Electronic Registration Systems, Inc. ("MERS"), First Magnus Financial Corporation ("First Magnus"), Bayview Loan Servicing, L.L.C. ("Bayview"), and Citibank, N.A. ("Citi") (collectively, "Defendants") clouded their title and violated the Fair Debt Collection Practices Act ("FDCPA").

On July 26, 2006, Plaintiffs executed two promissory notes in connection with a $418,400.00 loan (the "First Note") and a $104,600.00 loan (the "Second Note"), each secured by a mortgage (the "First Mortgage" and "Second Mortgage,"

---

[1/] Defendants state that the Bank of New York Mellon, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-32CB, Mortgage Pass-Through Certificates, Series 2006-32CB was erroneously sued as "the Bank of New York Mellon, f.k.a. the Bank of New York." (Mot. at 2.)

respectively) on real property on Kaaholo Street in Waipahu on the island of Oahu (the "Property"). (Compl. (Doc. No. 1.) ¶¶ 13-15.) The Mortgages both list Defendant First Magnus as the Lender and Defendant MERS as the nominee for the Lender and the Lender's successors and assigns. (Id. ¶ 16.)

Under the terms of the First Mortgage, securing the First Note, "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Compl., Ex. A at § 20.) The First Mortgage also states that the loan servicer, which "collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law[,]" may change, and that "Borrower will be given written notice of the change[.]" (Id.)

On August 25, 2011, an Assignment of Mortgage as to the First Mortgage was executed by Christopher Herrera, listed as an Assistant Secretary for MERS, by which MERS transferred its interest in the First Mortgage to Defendant BONY, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-32CB, Mortgage Pass-Through Certificates, Series 2006-32CB. (Compl., Ex. D.) The Assignment was recorded in the State of Hawaii Bureau of Conveyances on September 2, 2011. (Id.) Plaintiffs allege, and Defendants do not appear to dispute, that

BOA acted as the servicer of the First Mortgage and sent Plaintiffs monthly statements until October 15, 2012, when servicing rights were transferred to Defendant Bayview. (Compl. ¶ 18, Ex. J.)

On May 15, 2011, Defendant Citi filed a complaint against Plaintiffs in the Circuit Court for the First Circuit, State of Hawaii, seeking to collect on the Second Note. (Compl., Ex. I.) Citi stated in the complaint that "[b]y mesne assignment," Citi was "the owner and holder of all right, title and interest under the Note." (Id.) Citi did not, however, seek to foreclose on the Second Mortgage. (Id.) The action was subsequently removed to federal court and voluntarily dismissed. (Compl. at 11 n.2; Joinder at 2-3.)

Plaintiffs have initiated the instant action, apparently, to attempt to quiet title and enjoin any "wrongful foreclosure" that may be brought by any of the Defendants. (Id. ¶ 1.)

Plaintiffs previously filed a complaint seeking to quiet title in DeShaw et al. v. Mortgage Electronic Registration Systems, Inc., et al., Civ. No. 14-00055 SOM-KSC, 2014 WL 340771 (July 10, 2014) ("DeShaw I").[2] Judge Mollway's July 10, 2014

---

[2] Indeed, this action is one of many similar suits that have been filed in this district by Plaintiff's counsel Robert Stone on behalf of numerous different plaintiffs. Most of these cases have been dismissed for lack of subject matter
(continued...)

Order Granting Motion to Dismiss for Lack of Subject Matter Jurisdiction explained that Plaintiffs lacked standing to bring their quiet title action and, therefore, the Court was without subject matter jurisdiction. Id. at *4. The Court further found that, even if Plaintiffs could establish standing, Plaintiffs had failed to establish that the amount in controversy was in excess of $75,000, as required to invoke Federal diversity jurisdiction. Id. at *5. Judge Mollway therefore dismissed the complaint with prejudice and ordered that judgment be entered and the case be closed. Id. Plaintiffs did not appeal that decision.[3]

In the instant suit, based upon nearly identical facts, Plaintiffs raise the same quiet title claim, along with a new claim for violation of the FDCPA, against the same Defendants,

---

[2] (...continued)
jurisdiction. See, e.g., Iinuma v. Bank of Am., N.A., Civ. No. 14-00482 DKW-BMK, 2015 WL 1247015 (D. Haw. Mar. 17, 2015); Dimitrion v. Morgan Stanley Credit Corp., 2014 WL 2439631 (D. Haw. May 29, 2014); Toledo v. Bank of New York Mellon, CV 13-00539 DKW-KSC, Doc. No. 45 (D. Haw. May 2, 2014); Broyles v. Bank of Am., 2014 WL 1745097 (D. Haw. Apr. 30, 2014); Moore v. Deutsche Bank Nat'l Trust Co., 2014 WL 1745076 (D. Haw. April 30, 2014); Wegesend v. Envision Lending Grp., 2014 WL 1745340 (D. Haw. Apr. 30, 2014); Dicion v. Mann Mortg., LLC, 2014 WL 1366151 (D.H aw. Apr. 4, 2014); Pascua v. Option One Mortg. Corp ., 2014 WL 806226 (D. Haw. Feb. 28, 2014).

[3] Plaintiffs also previously filed a similar suit against Defendants MERS, BONY, and BOA, as well as Countrywide Home Loans, in 2012. See DeShaw et al. v. Countrywide Home Loans et al., Civ. No. 12-00338 DAE-BMK. In that case, Plaintiffs brought, among other claims, a claim to quiet title. On October 18, 2012, however, Plaintiffs voluntarily dismissed their Complaint against all Defendants.

along with a new Defendant, Citi. Plaintiffs allege that they were harmed when Defendants clouded title to the Property and threatened to initiate foreclosure proceedings. (Compl. ¶ 51-52.) Plaintiffs' FDCPA claim asserts that the Defendants do not own either of the Notes, nor are they legally authorized to attempt to collect on the debts. (<u>Id.</u> ¶¶ 32-34.) Plaintiffs assert that Defendants' alleged violations of the FDCPA has caused a reduction in the market value of the Property, along with a loss of reputation, emotional harm, and damage to Plaintiffs' credit. (<u>Id.</u> ¶ 35.)

## PROCEDURAL BACKGROUND

On April 7, 2015, Plaintiffs filed their Complaint in the instant action. (Doc. No. 1.) Defendants BOA, MERS, BONY, and Bayview filed their Motion to Dismiss on June 9, 2015. (Doc. No. 11.) Defendant Citi filed an Answer to the Complaint on June 10, 2015. (Doc. No. 13.) Defendant Citi then filed a substantive joinder to the Motion to Dismiss on June 16, 2015. (Doc. No. 14.)

On September 3, 2015, Plaintiffs filed their Notice of Dismissal Without Prejudice of Some Defendants, dismissing their claims against Defendants MERS, BONY, BOA, and Bayview (together, the "Dismissed Defendants"). (Doc. No. 19.) The Dismissed Defendants' Motion to Dismiss is therefore DENIED AS MOOT. The only remaining Defendant is Citi, and Citi's substantive joinder to the Motion to Dismiss remains before the Court.

On September 4, 2015, Plaintiffs filed their "Response to Defendant Citi's Motion to Dismiss," an untimely opposition to Citi's substantive joinder to the Motion to Dismiss. (Doc. No. 20.) On the same day, the Dismissed Defendants filed a Motion to Strike Plaintiffs' Response to Defendant Citibank's Motion to Dismiss Untimely Filed on September 4, 2015[4/] and for Certification of Judgment Against Plaintiffs' Complaint Under Rule 54(b). (Doc. No. 21 (hereinafter "Motion to Strike and for Certification of Judgment".) Defendant Citi filed its Reply in Support of its substantive joinder on September 7, 2015, (Doc. No. 22,) and filed a motion for joinder with respect to the Motion to Strike on September 17, 2015. (Doc. No. 24.) A hearing on the instant motions was held on September 21, 2015.

## STANDARD

### I.   Rule 12(b)(6) and 12(c)

Defendant Citi's substantive joinder seeks dismissal of the Complaint based upon Rule 12(b)(6) of the Federal Rules of

---

[4/] The Dismissed Defendants and Citi both correctly point out that, under the local rules, Plaintiffs' memorandum in opposition to the Motion to Dismiss was due no later than August 31, 2015. Plaintiffs' opposition was therefore filed four days late, and Defendants ask the Court to strike the filing pursuant to Local Rule 7.4. While the Court is troubled by Plaintiffs' late filing, it will nevertheless consider it and therefore DENIES the Dismissed Defendants' Motion to Strike and for Certification of Judgment, insofar as the Court will not strike Plaintiffs' late-filed opposition. The Court therefore also DENIES Citi's Motion for Joinder with respect to the Motion to Strike. The Court cautions Plaintiffs, however, that further violations of the Local Rules will result in sanctions.

Civil Procedure. Because, however, Citi's substantive joinder was filed after Citi filed its Answer to the Complaint in the instant action, the Court will construe Citi's motion as one for judgment on the pleadings, pursuant to Rule 12(c).[5/] <u>See</u> <u>Elvig v. Calvin Presbyterian Church</u>, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading. Here, Defendants filed their motion to dismiss after filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2)." (internal citation omitted)); <u>see also</u> <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1093 (9th Cir. 1980) (noting that Rule 12(h)(2) of the Federal Rules of Civil Procedure specifically allows a Rule 12(c)

---

[5/] In their opposition to the instant motions, Plaintiffs do not respond to the substance of the arguments for dismissal, but rather urge the Court to strike Citi's motion as untimely because it was filed after Citi filed its Answer in this case. As discussed herein, the Court may consider Citi's motion under Rule 12(c). Citi appears to argue that the Court may consider Citi's joinder under Rule 12(b)(6), and cites a number of cases that have considered substantive joinders filed after the filing of answers. <u>See, e.g.</u>, <u>Uly v. HSBC Bank, et al.</u>, Civ. No. 14-00261 HG-KSC, 2015 WL 1966689 (D. Haw. Apr. 30, 2015); <u>Foster v. Dolan</u>, Civ. No. 14-00108 HG-BMK, 2015 WL 1647432 (D. Haw. Apr. 13, 2015); <u>Aarona v. Unity House, Inc.</u>, Civ. No. 05-00197 DAE-BMK, 2007 WL 1963701 (D. Haw. July 2, 2007). None of these cases, however, address the merits of the propriety of considering a substantive joinder to a 12(b)(6) motion after the filing of an answer. Regardless, the Court is clearly empowered to treat Citi's request for dismissal as a motion for judgment on the pleadings under Rule 12(c), rather than striking the filing outright. <u>See, e.g.</u>, <u>Abbatiello v. County of Kauai</u>, Civ. No. 04-00562 SOM-BMK, 2007 WL 473680, at *3 (D. Haw. Feb. 7, 2007) (citing <u>Elvig v. Calvin Presbyterian Church</u>, 375 F.3d 951, 954 (9th Cir. 2004)). Thus, to the extent Plaintiffs request that the Court strike Citi's joinder, that request is denied.

motion based on an alleged failure to state a claim upon which relief can be granted); Abbatiello v. County of Kauai, Civ. No. 04-00562 SOM-BMK, 2007 WL 473680, at *3 (D. Haw. Feb. 7, 2007) (same).

The standard for a motion under Rule 12(b)(6) and Rule 12(c) is essentially the same. Abbatiello, 2007 WL 473680 at *3; Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency, 24 F. Supp. 2d 1062, 1066 (E.D. Cal. 1998). Motions for judgment on the pleadings under Rule 12(c) are proper when, taking all material allegations in a complaint as true and construing them in the light most favorable to the nonmoving party, the moving party demonstrates that it is entitled to judgment as a matter of law. Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) ("A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law.").

## II.  Article III Standing

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). One of the means by which a federal court determines whether a dispute is a justiciable case or controversy is the doctrine of standing. Id. at 560. Standing may be raised through a motion to dismiss under Rule 12(b)(1) because it bears on a

federal court's subject-matter jurisdiction. <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).

To establish standing under Article III, "a plaintiff must show (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent . . . ; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Covington v. Jefferson Cnty.</u>, 358 F.3d 626, 637-38 (9th Cir. 2004) (internal quotation marks and citation omitted).

The plaintiff has the burden of establishing standing based on the complaint. <u>Raines v. Byrd</u>, 521 U.S. 811, 818 (1997); <u>Lujan</u>, 504 U.S. at 561. "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." <u>Lujan</u>, 504 U.S. at 561.

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." <u>Bernhardt v. Cnty. of Los Angeles</u>, 279 F.3d 862, 867 (9th Cir. 2002).

## DISCUSSION

Before the Court are Defendant Citi's substantive joinder to the Dismissed Defendants' Motion to Dismiss, and the Dismissed Defendants' Motion to Strike and for Certification of Judgment. The Court addresses each below.

**I.   Dismissed Defendants' Motion to Strike and for Certification of Judgment**

As an initial matter, the Court must address the Dismissed Defendants' request that the Court enter final judgment in their favor pursuant to Federal Rule of Civil Procedure 54(b), based on Plaintiffs' voluntary dismissal of the claims against them in the Complaint. Under Rule 54(b),

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay.

The Dismissed Defendants assert that judgment may be entered in their favor here because Plaintiffs' voluntary dismissal of their claims against the Dismissed Defendants is a second dismissal under Rule 41(a)(1)(B), effectively adjudicating all claims on the merits as against the Dismissed Defendants. (Mot. to Strike and for Cert. of J. at 3-4.)

Under Federal Rule of Civil Procedure 41(a)(1)(B), as is relevant here, an action may be voluntarily dismissed by a

plaintiff without a court order by the filing of a notice of dismissal before the defendant has answered or moved for summary judgment. Such a voluntary dismissal is presumed to be "without prejudice" unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims. Fed. R. Civ. P. 41(a)(1)(B); see also Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1076 (9th Cir. 1999). This is known as the "two dismissal rule."

Here, the Dismissed Defendants assert that Plaintiffs' voluntary dismissal in the instant case is a second dismissal in light of Plaintiffs' prior voluntary dismissal of their claims against all of the Dismissed Defendants except for Bayview in their 2012 suit. See DeShaw et al. v. Countrywide Home Loans et al., Civ. No. 12-00338 DAE-BMK. Importantly, however, the Ninth Circuit has ruled that voluntary dismissals pursuant to Rule 41 are self-executing, in that "the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Commercial Space Mgmt. Co., 193 F.3d at 1077 (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)) (alterations omitted). The effect of a voluntary dismissal, in other words, is to "leave the parties as though no action had been brought." Id. at 1078 (alteration omitted).

In light of this, the Ninth Circuit has held that a district court has no jurisdiction to impose any condition on a Rule 41(a)(1) dismissal at a defendant's request. <u>Id.</u> at 1080; <u>see also</u> <u>City of South Pasadena v. Mineta</u>, 284 F.3d 1154, 1157 (9th Cir. 2002) ("We have adhered slavishly to this interpretation of Rule 41(a)."). Rather, the question of whether a second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits "is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed." <u>Id.</u> at 1076. The Court therefore concludes that it lacks jurisdiction to issue a final judgment on the merits as to the dismissed claims and must therefore DENY the Dismissed Defendants' Motion to Strike and for Certification of Judgment.

## II. Citi's Substantive Joinder to the Motion to Dismiss

As noted above, in light of Plaintiffs' notice of voluntary dismissal, the only claims remaining in the instant suit are those brought against Defendant Citi. In its substantive joinder to the Dismissed Defendants' Motion to Dismiss, Defendant Citi seeks dismissal of Plaintiffs' Complaint in its entirety on the basis that Plaintiffs lack standing to bring their quiet title claim, and Plaintiffs' FDCPA claim is time-barred and fails to state a claim upon which relief may be granted. The Court will address each of Plaintiffs' claims in turn.

13

### A.   Plaintiffs' Quiet Title Claim

Citi asserts that Plaintiffs' quiet title claim should be dismissed because Plaintiffs lack standing to bring such a claim, as they have failed to allege any injury sufficient to establish standing. The Court agrees.

To have standing, Plaintiffs must establish three elements: (1) injury in fact; (2) causation; and (3) redressability. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 907 (9th Cir. 2011). An injury in fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560  (internal citations and quotations omitted).

Here, Plaintiffs' asserted injury with respect to their quiet title claim against Citi is that title is clouded because it is unclear whether Citi actually holds the Second Note and may enforce it, and Plaintiffs "have been forced to live in constant peril and insecurity that one of the Defendants will file a wrongful foreclosure action against them." (Compl. ¶ 51.) As Judge Mollway concluded in DeShaw I, these allegations are simply insufficient to constitute an injury in fact for standing purposes. With respect to Plaintiffs' allegation that title has been clouded because of uncertainty as to whether Citi actually holds the Second Note and is entitled to enforce it, this

14

purported uncertainty does not create a cloud on the title to the Property, see Klohs v. Wells Fargo Bank, N.A., 901 F. Supp.2d 1253, 1261 (D. Haw. 2012), and Plaintiffs have failed to allege any other facts to support the bare legal conclusion that title has actually been clouded. Plaintiffs' allegations regarding their own uncertainty as to Citi's entitlement to enforce the Second Note therefore fail to rise to the type of concrete and particularized injury sufficient to establish standing. See, e.g., Dicion v. Mann Mortg., LLC, Civ. No. 13-00533 JMS-KSC, 2014 WL 1366151 at *5 (D. Haw. Apr. 4, 2014) (finding that nearly identical allegations in a claim for quiet title were insufficient to establish injury in fact).

Plaintiffs also assert that they are harmed in that they fear that Citi may file a wrongful foreclosure action against them. (Compl. ¶ 51.) Importantly, however, Plaintiffs' concern that they will be injured through a wrongful foreclosure action does not appear to actually involve any imminent harm. Plaintiffs do not allege that they do not owe payment on the Second Note, that the loan is in default, or that Citi has actually initiated foreclosure proceedings against them. In order to establish an injury in fact, the alleged injury "must have actually occurred or must occur imminently; hypothetical, speculative or other 'possible future' injuries do not count in the standings calculus." Schmier v. U.S. Court of Appeals for the

15

Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002) (citing Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

Indeed, a plaintiff cannot establish an injury in fact by engaging in an "ingenious academic exercise in the conceivable." Id. (quoting Lujan, 505 U.S. at 566). Here, however, Plaintiffs appear to be attempting to do just that. While it is "conceivable" that one or both of the Mortgages may be foreclosed upon at some time in the future, should Plaintiffs default on the loans, Plaintiffs have not alleged that they are in default, or alleged any other facts that would indicate that a wrongful foreclosure action is "certainly impending." See Pascua v. Option One Mortgage Corp., 2014 WL 806226, at *4 (D. Haw. Feb. 28, 2014) (quoting Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1151 (2013)); see also Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) ("If a plaintiff faces a credible threat of harm, and that harm is both real and immediate, not conjectural or hypothetical, the plaintiff has met the injury-in-fact requirement for standing under Article III."). Plaintiffs therefore cannot rely upon their subjective and, apparently speculative, fear of wrongful foreclosure to establish injury in fact.

In sum, Plaintiffs have failed to demonstrate that they have standing to pursue their quiet title claim as against Defendant Citi. The Court therefore finds that it lacks

16

jurisdiction over the second count of the Complaint and thus GRANTS Citi's motion as to that claim. Count II is DISMISSED WITHOUT PREJUDICE.

### B.   Plaintiffs' FDCPA Claim

Plaintiffs' remaining claim asserts that Citi used deceptive practices to collect on the Second Note in violation of the FDCPA. Count I alleges that none of the Defendants own the debt and, therefore, all attempts to collect upon it are "false representations, deceptive, and unconscionable in violation of the FDCPA." (Compl. ¶ 34.) This claim must fail, however, as Citi does not qualify as a "debt collector" under the FDCPA.

The FDCPA "comprehensively regulates the conduct of debt collectors," and "is a strict liability statute." Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1119 (9th Cir. 2014). As a result, the FDCPA "broadly prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" Id. To be liable for violating the FDCPA, however, a defendant must be a "debt collector" within the meaning of the statute. Heintz v. Jenkins, 514 U.S. 291, 292 (1995).

The FDCPA defines a "debt collector" as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include, among other things:

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>
> ....
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity
>
> (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;
>
> (ii) concerns a debt which was originated by such person;
>
> (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Id.

Under this definition, "original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as 'debt collectors.'" Long v. Deutsche Bank Nat'l Trust Co., 2011 WL 5079586, at *14 (D. Haw. Oct. 24, 2011) (citing cases); see also Schlegel v. Wells Fargo Bank, NA, 720

F.3d 1204, 1209 (9th Cir. 2013) (dismissing FDCPA claims brought by mortgagors against mortgagee Wells Fargo because Wells Fargo was not a "debt collector," the court stated that the complaint "establishe[d] only that debt collection is some part of Wells Fargo's business" and did not allege that Wells Fargo "collects debts owed to someone other than Wells Fargo").

Also excluded from the FDCPA's definition of a "debt collector" are assignees of the mortgage debt, if the debt was not in default at the time the debt was obtained. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); see also Bailey v. Sec. Nat'l Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998) ("The plain language of § 1692a(6)(F) tells us that an individual is not a 'debt collector' subject to the [FDCPA] if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it."); Soriano v. Wells Fargo Bank, N.A., 2012 WL 1536065, at *8 (D. Haw. Apr. 30, 2012) (same).

Here, the Complaint includes no allegations establishing that the principal purpose of business of Citi is the collection of debts, or that it regularly collect debts owed

to another. Nor does the Complaint itself allege that the loan is in default. As a result, Plaintiffs have failed to allege a plausible violation of the FDCPA as to Citi.

Moreover, Plaintiffs' FDCPA claim against Citi is clearly time-barred. An FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiffs' FDCPA claim against Citi is apparently premised upon Citi's May 15, 2012 complaint in state court. The violation upon which the claim is premised therefore clearly occurred outside the limitations period.

The Court therefore GRANTS Citi's motion as to Count I of the Complaint. Because it appears Plaintiffs cannot possibly cure the deficiencies in their FDCPA claim and, thus, any amendment would be futile, Count I is DISMISSED WITH PREJUDICE. See Carrico v. City & County of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011); Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES AS MOOT Defendants Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing, LLC, The Bank Of New York Mellon, and Bank of America, N.A.'s Motion to Dismiss. (Doc. No. 11.) The Court also DENIES Defendants Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing, LLC, The Bank Of New York

20

Mellon, and Bank of America, N.A.'s Motion to Strike Plaintiffs'

response to Defendant Citibank's Motion to Dismiss and for

Certification of Judgment Against Plaintiff's Complaint Under

Rule 54(b), (Doc. No. 21,) and Defendant Citibank's Motion for

Joinder as to that motion. (Doc. No. 24.)

   The Court GRANTS Defendant Citi's substantive joinder

to the Dismissed Defendants' Motion to Dismiss. (Doc. No. 14.)

Count I of the Complaint is DISMISSED WITH PREJUDICE, and Count

II of the Complaint, Plaintiffs' quiet title claim, is DISMISSED

WITHOUT PREJUDICE. Plaintiffs must file any amended complaint

within thirty days of the entry of this Order. Any amended

complaint must correct all the deficiencies noted in this Order

or Plaintiffs' claims will be dismissed with prejudice.

   IT IS SO ORDERED.

   DATED:  Honolulu, Hawaii, September 22, 2015



_____
Alan C. Kay
Senior United States District Judge

DeShaw et al. v. Mortgage Electronic Registration Systems, Inc. et al., Civ.
No. 15-00118 ACK BMK, Order Granting Dismissal of Plaintiffs' Complaint.