IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENNIS DUANE DESHAW, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A., ET AL.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 15-00118 ACK-BMK<br><br>FINDINGS AND RECOMMENDATION TO DISMISS |

**FINDINGS AND RECOMMENDATION TO DISMISS**

Plaintiffs Dennis Duane DeShaw and Susan Kay Broer-DeShaw ("Plaintiffs"), appearing pro se, filed a Complaint on April 7, 2015. (Doc. 1.) On June 9, 2015, Defendants Bank of America ("BOA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of New York Mellon, f.k.a. the Bank of New York ("BONY"), and Bayview Loan Servicing, LLC ("Bayview") filed a Motion to Dismiss. (Doc. 11.) Defendant Citibank, N.A. ("Citibank") filed an Answer to the Complaint on June 10, 2015, and a substantive joinder to the Motion to Dismiss on June 16, 2015. (Docs. 13, 14.) On September 3, 2015, Plaintiffs filed their Notice of Dismissal Without Prejudice of Some Defendants, dismissing their claims against Defendants MERS, BONY, BOA, and Bayview (hereinafter

"Dismissed Defendants"). (Doc. 19.) On September 22, 2015, the Court, in relevant part, denied as moot the Dismissed Defendants' Motion to Dismiss, and granted Defendant Citibank's Motion to Dismiss, thereby dismissing Plaintiffs' Complaint in its entirety. (Doc. 26 at 1-2.) The Court granted Plaintiffs leave to file an Amended Complaint within thirty days that corrected all of the deficiencies noted in the Court's Order, and if it did not, "Plaintiffs' claims will be dismissed with prejudice." (Doc. 26 at 21.) The Court finds and recommends that this action be DISMISSED.

On October 22, 2015, Robert L. Stone, appearing as counsel on behalf of Plaintiffs, filed a Motion for Extension of Time to Amend the Complaint. (Doc. 28.) The Court granted Plaintiffs' Motion, thereby extending the deadline to file an amended complaint to November 23, 2015. (Doc. 29.)

On November 12, 2015, the Court held a status conference. (Doc. 33.) Plaintiff Susan DeShaw appeared at the Status Conference by telephone. (Id.) At the conference, Counsel Robert Stone informed the parties and the Court that he had entered into a written agreement with substitute counsel, Ramon J. Ferrer ("Mr. Ferrer"), who would be taking over Plaintiffs' case. (Id.) Mr. Stone further informed the Court that there would be no interruption in this case due to his withdrawal and substitution of counsel, and that substitute counsel would be able to

meet the deadline to file Plaintiffs' Amended Complaint. (Id.)

On November 23, 2015, the Court granted Mr. Stone's Motion to Withdraw and to Substitute Counsel, and ordered new counsel, Mr. Ferrer, to file a Notice of Appearance no later than December 1, 2015. (Doc. 36.) On November 25, 2015, the Court extended Plaintiffs' deadline to file an Amended Complaint to December 18, 2015, and also scheduled a Rule 16 Scheduling Conference before Magistrate Judge Barry M. Kurren on January 21, 2016 at 9:30 a.m. (Doc. 37.)

On December 1, 2015, the Court received a Statement Regarding Representation from Mr. Ferrer. (Doc. 38.) The Statement indicated that Plaintiffs have not met the conditions of representation in this matter, and therefore, Mr. Ferrer would not be entering an appearance as counsel in this matter. (Id. at 2.) Upon receipt of Mr. Ferrer's Statement, the Court noted that Plaintiffs will have to proceed pro se, but ordered Mr. Ferrer to provide the Court with Plaintiffs' contact information no later than December 11, 2015. (Doc. 39.) The Court further ordered Mr. Ferrer to clarify with Plaintiffs that he does not represent them. (Id.)

On December 14, 2015, the Court received Mr. Ferrer's Statement Regarding Contact with Plaintiffs. (Doc. 40.) Mr. Ferrer stated that he was given a telephone number for Plaintiffs but had been unsuccessful in reaching Plaintiffs at that number. (Doc. 40 at 1.) Mr. Ferrer suggested that the Court may be able to

contact Plaintiffs at an address found in the Complaint, however, Mr. Ferrer indicated that he went to that address but did not find anyone home. (Id.)

On December 15, 2015, the Court issued an Entering Order informing Plaintiffs that they are no longer represented by an attorney in this matter, and ordered Plaintiffs to notify the Court of their current mailing address and telephone number via written statement to the Court. (Doc. 41.) A copy of the order was mailed to Plaintiffs at the address provided to the Court by Mr. Ferrer. (Id.) As of this date, Plaintiffs have failed to contact the Court with this information.

On January 21, 2016, the Court was prepared to hold the Rule 16 Scheduling Conference at 9:30 a.m. as scheduled; however, Plaintiffs did not appear and did not make arrangements to participate in the Conference by phone. Further, Plaintiffs failed to file a Scheduling Conference Statement as required by Local Rule 16.2(b) of the Local Rules of Practice for the United States District Court for the District of Hawaii. (See Doc. 5.) Additionally, based on the docket sheet, it does not appear that Plaintiffs have filed an Amended Complaint by the December 18, 2015 deadline. Accordingly, the Court issued an Order to Show Cause on January 25, 2016. (Doc. 43.) The Order to Show Cause was set for hearing on March 3, 2016 at 10:00 a.m. (Id.) The Court ordered Plaintiffs to appear at the hearing "to show good cause, if any, why sanctions, including dismissal of this case, should not

be imposed for failing to (1) file an Amended Complaint by the December 18, 2015 deadline; (2) notify the Court of Plaintiffs' current mailing address and telephone number; (3) appear at the Rule 16 Scheduling Conference; and (4) file a Scheduling Conference Statement." (Doc 43 at 5.)

On March 3, 2016, the Court was prepared to hold the Order to Show Cause hearing at 10:00 a.m. as scheduled; however, Plaintiffs failed to appear in person and did not make arrangements with the Court to appear by phone. Three calls for Plaintiffs were made outside of the courtroom. (Doc. 44.) The Court also attempted to contact Plaintiffs at the telephone number listed on the docket; however, the line was disconnected. (Id.)

\\

\\

\\

\\

\\

\\

\\

\\

\\

Accordingly, the Court finds that Plaintiffs have failed to show good cause why this case should not be dismissed for failure to (1) file an Amended Complaint; (2) notify the Court of Plaintiff's current mailing address and telephone number; (3) appear at the Rule 16 Scheduling Conference; and (4) file a Scheduling Conference Statement. The Court therefore FINDS and RECOMMENDS that this action be DISMISSED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 3, 2016.




/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge